[Civ. No. 31427.    Second Dist., Div Four.    Apr. 29, 1968.]

RONALD L. MILLS, Plaintiff and Respondent, v. LOUETTA R. MILLS, Defendant and Appellant.

Abraham Gorenfeld for Defendant and Appellant.

Gates & Talbot, J. Thomas Talbot and R. Wicks Stephens II for Plaintiff and Respondent.

BISHOP, J. pro tem.*—We see no escape from reversing the interlocutory judgment entered by default in this divorce action, and doing so on a ground not touched upon by the appealing party. We gather our facts not only from the record on appeal, but those facts are augmented by some taken from the original court file.

The defendant wife was personally served with summons and complaint in Placer County, on April 16, 1963. The complaint contained this paragraph: "Since the marriage of the parties hereto, Defendant has treated Plaintiff with extreme cruelty and has wrongfully inflicted upon Plaintiff grievous mental and physical suffering. Each and every act and the conduct of Defendant have wrongfully caused Plaintiff grievous physical and mental suffering, creating a situation with [*sic*] Plaintiff can no longer endure and destroying the legitimate ends of matrimony.

We find of interest section 426b Code of Civil Procedure. Its pertinent provisions are: "In an action for a divorce . . . it is not necessary to plead specific acts constituting cruelty in order to plead a cause of action, unless the adverse party serves and files a demand therefor within the time allowed to answer. If such demand is made, the plaintiff . . . must amend his pleading accordingly within 10 days after service of the demand, or be precluded from giving evidence of any specific acts constituting cruelty. . . . [T]he serving and filing of such demand shall constitute an appearance on the part of the party making the demand and shall extend his time to answer to 10 days after service of the amended pleading."

On May 6, 1963, there was filed a demand for amendment to complaint executed by "attorneys for defendant," and containing this message: "Defendant, Louetta R. Mills pursuant

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

to Section 4260 of the Code of Civil Procedure, demands that plaintiff amend his complaint to set forth specific acts of cruelty generally alleged in paragraph VI of his complaint on file herein." An affidavit of Patricia Welcome, apparently the secretary of defendant's counsel, is attached to the demand, indicating that she had mailed it to plaintiff's counsel at their office on May 3, 1963.

Section 426b Code of Civil Procedure imposes two sanctions upon a plaintiff on whom the demand is made that he specify acts constituting cruelty: until he complies (a) he is precluded from giving evidence in support of his claim of cruelty and (b), he is foreclosed from taking the default of the defendant. We have it established in this action that the defendant made such a demand. The time within which defendant may answer in this case, has been extended, by the legislative dictate, and has not yet begun to run, for there has been "no service of the amended pleading." An amended complaint has, indeed, been filed, but it is not "the amended pleading," made in compliance with the demand. The only allegation of the amended complaint, concerning cruelty, is: "Since the marriage of the parties to this action, defendant has treated plaintiff with extreme cruelty and has wrongfully inflicted upon plaintiff grievous mental suffering." This comes nowhere near pleading "specific acts constituting cruelty. The plaintiff may not circumvent the statute, by setting the time running again for defendant to answer by filing a new complaint, not amended in the particular demanded.

As a consequence of the above we reverse the interlocutory judgment of divorce, with directions to the trial court to set aside the default entry made by the clerk of the court and filed September 28, 1965. Insofar as the appeal is from actions referred to in this paragraph, it is dismissed.

Jefferson, Acting P. J., and Kingsley, J., concurred.